IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PARIS HAYNES,

    Petitioner,

v.                                                     CASE NO. 1:06 -cv-238-MMP-AK

JAMES MCDONOUGH,

    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

This habeas matter is before the Court on Doc. 5, Case transferred in from Middle District of Florida. Having carefully considered the matter, the Court recommends that the instant petition be denied as untimely.

Section 2254 petitions are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). This limitations period runs from the latest of the following: the date on which the state court judgment became final; the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; or the date on which the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Only subsections(A) is at issue in this case.

On June 4, 2002, Petitioner was convicted of simple robbery. Doc. 5, Attach. 1 at 1. Petitioner's conviction and sentence were affirmed on May 12, 2003. *Haynes v. State*, 848 So.2d

310 (Fla. Dist. Ct. App. 2003). His conviction therefore became final 90 days thereafter on August 10, 2003, *see Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and the one-year statute of limitations began to run at that time.

Since a properly filed motion for post-conviction relief will toll the one-year filing period, *id*. at § 2244(d)(2), the statute of limitations stopped on September 8, 2003, when Petitioner indicates that he filed his first Rule 3.850 motion.[1] Doc. 5, Attach. 1 at 4. At that time, a total of 29 days had expired, and thus, Petitioner had 336 days remaining to file the instant petition.

The lower court subsequently denied the post-conviction motion, Doc. 5, Attach. 1 at Ex. A, and Petitioner appealed that ruling, which was affirmed. *Haynes v. State*, 912 So.2d 1220 (Fla. Dist. Ct. App. 2005). The mandate issued on October 18, 2005, and because Petitioner does not get the 90-day period for seeking certiorari from the denial of post-conviction relief, *Lawrence v. Florida*, 127 S.Ct. 1079 (2007), the time for filing the instant matter resumed running at that time and did not stop until November 9, 2006, when Petitioner deposited the petition in the prison mail system. *See Houston v. Lack*, 487 U.S. 266 (1988) (pursuant to "mailbox rule," date that petition was deposited with prison is controlling filing date, not actual date document was filed in court). Although Petitioner did file another 3.850 motion in state court on February 2, 2006, because that motion was untimely and was dismissed as untimely, Doc. 5, Attach. 1 at Ex. C, the clock did not stop with its filing. *Sweet v. Secretary, Department*

---

[1] Because this date will give Petitioner the greater benefit of the doubt, the Court accepts September 8, 2003, as the filing date of the post-conviction motion although the state court set the filing date as November 21, 2003. *See* Doc. 5, Attach. 1 at Ex. A.

*of Corrections*, 467 F.3d 1311 (11th Cir. 2006) (citing *Pace DiGuglielmo*, 544 U.S. 408 (2005)). Thus, by the time Petitioner filed the instant petition, another 387 days had expired, thereby making the petition untimely by 51 days.

The time for filing a § 2254 petition may be equitably tolled, but only if a petitioner can show "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). Petitioner has not attempted to meet this standard, and the Court can glean nothing from the record which would support equitable tolling.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 5, Attach. 1, be **DENIED AS UNTIMELY**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this *30th* day of May, 2007.

 *s/ A. KORNBLUM*
 **ALLAN KORNBLUM**
 **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**